UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINA OTHON | : | NO. 3:18-cv-00958-MPS |
| | : | |
| v. | : | |
| | : | |
| WESLEYAN UNIVERSITY | : | AUGUST 30, 2018 |

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:                                   June 2, 2018

Date Complaint Served:                              June 21, 2018

Date of Defendant's Appearance:                July 2, 2018

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, undersigned counsel for the parties conferred by email on August 16, 2018 and August 29-30, 2018. The participants were Heena Kapadia, Esq., counsel for the plaintiff, and Patricia Reilly, counsel for the defendant.

**I.      CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     JURISDICTION**

    **A.     Subject matter Jurisdiction**

Jurisdiction is based on the existence of diversity of citizenship under 28 U.S.C. § 1332 and federal question under 28 U.S.C. § 1331.

**B.     Personal Jurisdiction**

Personal jurisdiction is not contested.

**III.    BRIEF DESCRIPTION OF CASE**

**A.     Claims of Plaintiff**

This is an action to address Plaintiff's rights in violation of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.,* and Title IX of *the Education Amendments of 1972,* 20 U.S.C. §§ 1681–1688 and the Connecticut Fair Employment Practice Act, § 46a-60 *et seq.*

**B.     Defenses and Claims of Defendant**

Defendant denies the material allegations of the Complaint, including Plaintiff's claims that she was subjected to discrimination and retaliation.

**IV.    STATEMENT OF DISPUTED ISSUES**

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. At this time, counsel have not identified any material facts not in dispute.

**V.     CASE MANAGEMENT PLAN**

**A.     STANDING ORDER ON SCHEDULING IN CIVIL CASES**

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

**B.     SCHEDULING CONFERENCE WITH THE COURT**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2

**C.     EARLY SETTLEMENT CONFERENCE**

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.     The parties do not request at this time a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.     JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

1.     The parties should be allowed until **October 30, 2018** to file motions to join additional parties.

2.     Pursuant to CMECF Order granting the Defendant's Motion for Extension of Time to Plead [Doc. #12], the Defendant should be allowed until **September 14, 2018** to file a response to the Complaint.

**E.     DISCOVERY**

1.     The parties anticipate that discovery will be needed on the following subjects:

    a.     All subjects and issues fairly arising out of plaintiff's Complaint including, but not limited to, evidence of discrimination and retaliation, claims for damages; and liability.

    b.     All subjects and issues fairly arising out of defendant's defenses to Plaintiff's claims including, but not limited to, the termination of the plaintiff, the facts leading up to the termination, plaintiff's employment contract, and plaintiff's claimed damages.

    c.     The parties reserve the right to conduct discovery based upon any additional facts discovered.  The parties also reserve the right to make

appropriate objections to any discovery requests with respect to the aforementioned subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may be commenced immediately and will be completed (not propounded) by **April 30, 2019**.

3. Discovery will not be conducted in phases.

4. The parties will complete the Initial Disclosure Employment Protocols by **October 15, 2018.**

5. The parties anticipate that Plaintiff will require approximately 4-5 depositions of fact witnesses and Defendant will require approximately 4-5 depositions of fact witnesses. The depositions of fact witnesses in general may commence at any time after the entry of this Scheduling Order by the Court and will be completed by **April 30, 2019**. In the interest of avoiding duplication of effort and the element of surprise, however, Plaintiff seeks for her deposition to occur after appropriate written discovery has been completed. Defendant's position is that depositions shall proceed pursuant to the Federal Rules of Civil Procedure, and it does not agree with Plaintiff's position.

6. The parties may request permission to serve more than 25 interrogatories.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant

to Fed. R. Civ. P. 26(a)(2) by **December 15, 2018**.  Depositions of such experts will be completed by **January 15, 2019**.

        8.     Defendants may call expert witnesses at trial.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **February 15, 2019**.  Depositions of such experts will be completed by **March 15, 2019**.

        9.     A damages analysis will be provided by any party who has a claim or counterclaim for damages by **December 15, 2018.**

        10.     Undersigned counsel has discussed the disclosure and preservation of electronically stored information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information.  The parties will produce the documents sought by the other party in electronic or hard copy format and deliver same to the other party's attorney's office.  The parties reserve the right to make appropriate objections to any discovery issued in accordance with the Federal Rules of Civil Procedure and applicable case law.  Both sides agree to instruct the parties to preserve electronically stored records relating to this litigation.

        11.     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  If one party receives (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, such party must provide written notification to the other party identifying such information and/or

attaching such document(s) thereto. In response, the disclosing party must provide written notification to the non-disclosing party that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s). Alternatively, if the disclosing party is the one who initially learns that it has produced (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, the disclosing party must provide written notification to the other party upon learning of the same that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s).

Upon the receipt of any attorney-client privilege or work-product protection claim from the disclosing party, the non-disclosing party must either: (a) agree in writing to the disclosing party's assertion of such claim and return to the disclosing party any original document(s)(and destroy and not retain any copies of such original document(s)) and never make use of or otherwise disclose or publicize in any manner during the course of the litigation or otherwise any such document(s) or information that is the subject of such claim; or (b) inform the disclosing party in writing that it objects to the assertion of such claim. If the non-disclosing party objects or fails to respond to the assertion of such claim, then the non-disclosing party agrees not to make use of or otherwise disclose or publicize in any manner any such document(s) or information that is the subject of such claim until the Court is afforded the opportunity to review and decide upon such claim in response to the disclosing party's request for adjudication of such claim by the Court.

## F. DISPOSITIVE MOTIONS

Dispositive motions will be filed on or before **June 14, 2019** with responses filed by **July 15, 2019**.

## G. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty (60) days after the Court rules on any dispositive motion(s) filed by either party. If no dispositive motions are filed, the joint trial memorandum will be filed on or before **September 30, 2019**.

## VI. TRIAL READINESS

The case will be ready for trial thirty (30) days after the submission of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFF,<br>DR. CHRISTINA OTHON | DEFENDANT,<br>WESLEYAN UNIVERSITY |
|---|---|
| By  /s/ Heena Kapadia<br>   Heena Kapadia, Esq.<br>   Ct11869<br><br>   Law Office of Heena Kapadia<br>   572 White Plains Road<br>   Trumbull, CT 06611<br>   (203) 288-8006<br>   (203) 261-8420 (Fax)<br>   hkapadia@heenakapadialaw.com | By  /s/ Patricia E. Reilly<br>   Patricia E. Reilly – ct08352<br>   preilly@murthalaw.com<br><br>   Murtha Cullina LLP<br>   265 Church Street, 9th Floor<br>   New Haven, Connecticut 06510<br>   Telephone:  203.772.7700<br>   Facsimile:   203.772.7723<br>   Its Attorneys |

## **CERTIFICATION**

This is to certify that on August 30, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings. Parties may access this filing through the Court's CM/ECF System.

                                                         /s/ Patricia E. Reilly
                                                        Patricia E. Reilly