UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTINA OTHON, | : |
| Plaintiff, | : CIVIL ACTION<br>: NO. 3:18-CV-00958-KAD |
| v. | : |
| WESLEYAN UNIVERSITY, | : MAY 30, 2019 |
| Defendant. | : |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER**

Exactly one week before Plaintiff's deposition to be held on June 6 (noticed on April 2) and in response to Defense counsel's emails confirming the deposition, Plaintiff has filed a Motion for Protective Order. For the reasons set forth herein, Plaintiff's Motion should be denied and the deposition should be ordered to go forward as scheduled on June 6, 2019. In addition, Defendant seeks sanctions, including but not limited to the costs of responding to this Motion.

**I.   Plaintiff Misrepresents the Record.**

The only pending order in this case regarding Plaintiff's deposition is the order issued by Judge Merriam dated May 9, 2019 as set forth in full below:

> ORDER. Defendant, in multiple filings, has expressed concern regarding plaintiff's attendance at a deposition scheduled for June 6, 2019, at 10:00AM. See Doc. # 78 at 1 ("Plaintiff's counsel's recent email communication, attached as Exhibit A, shows an outright refusal by Plaintiff to sit for her deposition, despite previous agreement to do so and a pending deposition notice. Therefore, as part of the relief on its Motion to Compel, Defendant requests an order that Plaintiff appear for her deposition on June 6, 2019, as noticed."); Doc. # 78 -2 at 2 ("Re-Notice of Deposition" stating: "Defendant will take the deposition of CHRISTINA OTHON" "on June 6, 2019 at 10:00 a.m."); Doc. # 88 at 1 n.1 ("Although a response to Plaintiff's Motion for Reconsideration is not required by Local Rule 7(c) unless requested by the Court, Wesleyan submits this brief opposition in order to address Plaintiff's continued refusal to sit for her deposition,

which has been noticed for June 6, 2019. In its Reply in further support of its Motion to Compel [ECF No. 78], Defendant has explicitly asked for the Court to compel Plaintiff to attend her deposition on June 6, 2019."); Doc. # 93 at 1 ("Defendants consent [to an extension of a deadline] does not change its position that Plaintiffs deposition should proceed on June 6, 2019.").

Neither a motion to compel, nor a motion for a protective order, specifically addressed to plaintiff's deposition has been filed <u>or granted</u> in this case. Accordingly, the Court presumes that any duly noticed deposition will go forward in the ordinary course of business. It is so ordered.
Signed by Judge Sarah A. L. Merriam on 5/9/19. (Dowie, C) (Entered: 05/09/2019)

Plaintiff's position that Judge Dooley ordered compliance with IDP prior to Plaintiff's deposition is a complete fabrication of the record. There is no such order in this case. All discovery motions have been referred to Judge Merriam. Moreover, as Defendant has represented consistently in its filings and most recently in the Declaration of David B. Winakor, Defendant has complied with the IDP.

By email dated May 29, 2019, a copy of which is attached hereto as **Exhibit A**, undersigned Defense counsel sent Plaintiff's counsel a courtesy email, citing the May 9 Order and confirming that the deposition would go forward as scheduled. Rather than respond to the email, Plaintiff's counsel filed a Motion for Protective Order, which should be denied.

Plaintiff's blatant refusal to appear for her deposition after Defendant has tried numerous times to cooperate in the scheduling of the deposition cannot be countenanced. The delay is prejudicing Defendant's ability to defend the case.

By way of further background, Defendant first noticed Plaintiff's deposition on February 14, 2019, by e-mail dated January 9, 2019. <u>See</u> **Exhibit B**. Plaintiff's counsel responded that she was not available in February, and defense counsel requested that Plaintiff's counsel suggest alternative dates in February. <u>See id.</u>

2

On February 4, 2019, the parties participated in a telephonic status conference with the Court, and on February 7, 2019, the parties engaged in a meet and confer regarding discovery issues. During the meet and confer on February 7, 2019, Defense counsel agreed to postpone Plaintiff's deposition until the end of the academic year in order to accommodate Plaintiff's work obligations. Plaintiff's counsel confirmed this on the record on March 18, 2019 when she stated to the Court[1]:

> We had the conference call with the Court on February 4th. We had a meet-and-confer on February 7th, and **it was agreed that Plaintiff would be deposed in May, after her academic year ended. They agreed to that.** They said they wanted to depose her husband and said, do you want to fly out there or should we—do you want to do her here or there? We talked about all of that.
>
> In the e-mail that they provided to the Court, I asked them, If you have specific dates in mind for May, let me know. No one has followed up. So I don't know why a comment would be made that, "We haven't been able to depose plaintiff" when we've already reached agreement on when that would occur.

(Emphasis added). See Transcript p. 28, lines 9-21 attached hereto as **Exhibit C**.

Plaintiff continually harkens back to the February 4, 2019 conference call with the Court when she claims the Court ordered that IDP be completed before Plaintiff's deposition. In fact, the record shows that Plaintiff's counsel represented to the Court *after* that call that an agreement had been reached for Plaintiff's deposition. See id.

By email dated March 26, 2019, Defense counsel followed up with Plaintiff's counsel and suggested dates for Plaintiff's deposition. See **Exhibit D**. On April 2, 2019, Plaintiff's counsel emailed defense counsel to confirm that she and her client were holding June 6 for Plaintiff's deposition. See id. That same day, Defense counsel e-mailed a re-notice of deposition to Plaintiff's counsel. See **Exhibit E**.

---

[1]   The parties were in Court for oral argument on Defendant's Motion to Dismiss.

3

Yet Plaintiff continued to obstruct the deposition, despite her Counsel's representation to the Court on March 18, 2019 and despite the agreement to depose Plaintiff on June 6, 2019. See **Exhibit C** and **Exhibit F**. Indeed, two weeks after the issuance of the deposition notice for June 6, Plaintiff's counsel indicated that Plaintiff could not make it for the previously agreed-upon date. Defense counsel inquired about the reason why Plaintiff was cancelling the deposition after having agreed to the date, and Plaintiff's counsel took umbrage with the question and refused to answer. See **Exhibit G.**

Even in her Motion for Protective Order, Plaintiff has not articulated a basis on which a Motion for Protective Order should be granted. Plaintiff cancelled the deposition for undisclosed "personal reasons" after agreeing to a date and after Plaintiff's counsel represented to the Court that the parties had an agreement regarding the deposition date. This vague reason is an insufficient basis for a Motion for Protective Order to enter. See Fed. R. Civ. P. 26(c) ("[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"); Trella v. Wal-Mart Stores, Inc., No. 3:15CV01211 (AWT) (SALM), 2017 WL 5160686, at *2 (denying motion for protective order where deponent failed to establish good cause); see also Tucker v. Am. Int'l Group, Inc., No. 3:09-CV-1499 (CSH), 2011 WL 6020851, at *8 (denying request to bifurcate and motion for protective order and noting that "[d]ue to the hectic pace of life and the exigencies of career and family, 'personal inconvenience' is common, perhaps even inherent, whenever one is requested to testify and is thus not sufficient in and of itself to excuse one's testimony.")

4

Plaintiff's cancellation of the deposition was nothing more than a ploy to avoid it. Plaintiff's position is untenable. There is no order that IDP compliance is required prior to the deposition and moreover, the IDP has been complied with in this case.

## II. Plaintiff's Remaining Arguments Are Irrelevant to Her Motion for Protective Order.

Plaintiff's further arguments are without merit and require only a passing response. Plaintiff's alleged concern about "deposition by ambush" is baseless. The cases Plaintiff cites to at pages 10 – 13 of her Motion for Protective Order have absolutely no relevance to this case. This argument is pure speculation and conjecture, especially where Defendant has provided Plaintiff with 7,500 pages of documents. Similarly, Plaintiff's argument that Plaintiff's counsel and Defense counsel were in discussions about Plaintiff's expert's deposition is irrelevant. Plaintiff does not control the defense strategy. If Defendant wishes to take Plaintiff's deposition first, it can do so.

With regard to the Answer, Plaintiff's argument is meritless. Defendant's Motion to Dismiss remains pending, and there is no court order that Defendant must file an Answer. Moreover, the Court previously rejected this argument when Plaintiff raised it in her Motion for Default and Motion for Reconsideration. See ECF Nos. 70, 73, 74, 89.

## III. Conclusion

In short, Plaintiff's arguments in support of the Motion for Protective Order are either irrelevant or not supported by the record. Plaintiff's ongoing attempts to avoid having her deposition taken must be stopped. For the reasons stated herein, Plaintiff's Motion for Protective Order should be denied. Defendant requests an order that Plaintiff's deposition go forward as scheduled on June 6 and that it be awarded

sanctions, including but not limited to the costs of responding to this Motion for Protective Order.

**DEFENDANT – WESLEYAN UNIVERSITY**

By /s/ Patricia E. Reilly
    Patricia E. Reilly
    preilly@murthalaw.com
    Matthew K. Curtin
    mcurtin@murthalaw.com
    Martha M. Royston
    mroyston@murthalaw.com

Murtha Cullina LLP
265 Church Street
New Haven, Connecticut 06510
Telephone: 203.772.7700
Facsimile: 203.772.7723
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, a true and correct copy of the foregoing document has been filed electronically and served on the parties via the Court's electronic filing system or by mail to anyone unable to accept electronic filings. Parties may access this filing through the Court's CM/ECF system.

/s/ Patricia E. Reilly
Patricia E. Reilly