UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
CHRISTINE OTHON               :  Civ. No. 3:18CV00958(KAD)
                              :
v.                            :
                              :
WESLEYAN UNIVERSITY           :  June 4, 2019
                              :
------------------------------x
```

## ORDER RE: MOTION FOR PROTECTIVE ORDER

On May 30, 2019, plaintiff Christine Othon filed a Motion for Protective Order and Costs. [Doc. #110] Plaintiff seeks to postpone her deposition, which has been noticed for June 6, 2019, to a later date. Plaintiff argues that the deposition should be delayed because: (1) defendant has not fully complied with the Initial Discovery Protocols, see Doc. #110 at 1; (2) plaintiff is not available on June 6, 2019, see Doc. #110-1 at 7; (3) plaintiff has not made travel arrangements to appear for her deposition, see Doc. #110-1 at 9-10; (4) defendant may engage in "deposition by ambush," Doc. #110-1 at 10-11; and (5) defendant has not filed an Answer to the Amended Complaint, see Doc. #110-1 at 13-14. Defendant has filed an opposition to the motion, see Doc. #113, and plaintiff has filed a reply, see Doc. #114. The Court conducted a telephonic hearing on the instant motion on June 3, 2019, at which counsel for each party appeared. For the reasons set forth herein, the Court **DENIES** plaintiff's Motion for Protective Order.

## I. BACKGROUND

The Court will not recount the full procedural background of this matter here, but will focus only on those matters directly relevant to its decision. The discovery process in this case has been unusually (and, it seems to the undersigned, unnecessarily) contentious. There are currently four motions to compel pending, all of which have been referred to the undersigned. See Doc. #80. The Court issued an order discussing some of the matters raised in those motions on for June 3, 2019. See Doc. #118.

This case was filed on June 7, 2018. See Doc. #1. The 26(f) Report was filed on August 30, 2018. See Doc. #14. In that report, the parties requested a deadline of April 30, 2019, for the completion of all discovery, including depositions of fact witnesses. See id. at 4. The discovery deadline was later reset to July 14, 2019, see Doc. #37, and then again to August 14, 2019, see Doc. #45, and yet again to September 29, 2019, see Doc. #77. The parties then filed a fourth motion to modify the scheduling order and further delay the completion of discovery pending resolution of at least one issue raised in the pending motions to compel. See Doc. #96. The Court granted that motion. See Doc. #99.

Defendant originally noticed the deposition of the plaintiff for February 14, 2019. See Doc. #113-2 at 4. The parties agreed to reschedule the deposition to a later date, and defense counsel

proposed June 4 or June 6, 2019. See Doc. #113-4 at 3. On April 2, 2019, plaintiff's counsel stated in an email: "My client and I are holding June 6." Doc. #113-4 at 2. Defendant then noticed plaintiff's deposition for June 6, 2019. See Doc. 113-1 at 3.

On April 17, 2019, plaintiff's counsel sent an email to defense counsel stating: "Plaintiff is not available on June 6." Doc. #110-1 at 7. Counsel then exchanged emails in which defense counsel stated that they intended to go forward with the deposition on June 6, 2019, as scheduled, and plaintiff's counsel declined to provide detailed information regarding her client's unavailability on that date. See Doc. #110-3. It does not appear that counsel engaged in any further discussions regarding the deposition date. Notably, the documents provided to the Court reflect only email discussions of this issue; there is no indication that counsel ever discussed the matter of the June 6, 2019, date by telephone or in person.

In the course of reviewing the motions to compel, the undersigned noted that the defendant had made repeated passing references to an ongoing dispute related to plaintiff's deposition. However, no motion addressed to the deposition had been filed. Therefore, in an effort to ensure that all parties understood that the issue of the deposition was not before the Court, the Court entered the following Order on May 9, 2019:

> ORDER. Defendant, in multiple filings, has expressed concern regarding plaintiff's attendance at a deposition

> scheduled for June 6, 2019, at 10:00AM. See Doc. #78 at
> 1 ("Plaintiff's counsel's recent email communication,
> attached as Exhibit A, shows an outright refusal by
> Plaintiff to sit for her deposition, despite previous
> agreement to do so and a pending deposition notice.
> Therefore, as part of the relief on its Motion to Compel,
> Defendant requests an order that Plaintiff appear for her
> deposition on June 6, 2019, as noticed."); Doc. #78-2 at
> 2 ("Re-Notice of Deposition" stating: "Defendant will
> take the deposition of CHRISTINA OTHON" "on June 6, 2019
> at 10:00 a.m."); Doc. #88 at 1 n.1 ("Although a response
> to Plaintiff's Motion for Reconsideration is not required
> by Local Rule 7(c) unless requested by the Court,
> Wesleyan submits this brief opposition in order to
> address Plaintiff's continued refusal to sit for her
> deposition, which has been noticed for June 6, 2019. In
> its Reply in further support of its Motion to Compel [ECF
> No. 78], Defendant has explicitly asked for the Court to
> compel Plaintiff to attend her deposition on June 6,
> 2019."); Doc. #93 at 1 ("Defendant's consent [to an
> extension of a deadline] does not change its position
> that Plaintiff's deposition should proceed on June 6,
> 2019.").
>
> Neither a motion to compel, nor a motion for a protective
> order, specifically addressed to plaintiff's deposition
> has been filed <u>or granted</u> in this case. Accordingly, the
> Court presumes that any duly noticed deposition will go
> forward in the ordinary course of business. It is so
> ordered.

Doc. #95 (emphasis in original).

On May 30, 2019, plaintiff filed the instant motion for protective order. On that same date, upon review of plaintiff's submission, the Court issued the following Order:

> ORDER. On May 9, 2019, exactly three weeks ago, this
> Court entered an order expressly advising all counsel
> that the Court expected the plaintiff's deposition to go
> forward on June 6, 2019, as scheduled unless a motion for
> protective order was filed and granted. See Doc. #95. In
> spite of that order, plaintiff's counsel now represents
> that plaintiff has no plans to attend the deposition and
> has not made travel arrangements. See Doc. # 110-1 at 8.
> The deposition at issue was noticed on April 2, 2019. The

> correspondence regarding that date provided by plaintiff's counsel with the motion for protective order appears to have been exchanged in mid-April. There is no indication in plaintiff's motion that counsel has made any effort to address this issue since the Court's May 9, 2019, order. Accordingly, plaintiff is hereby ordered to file a supplemental memorandum in support of the motion for protective order indicating (1) whether counsel has attempted to address this issue with defense counsel since May 9, 2019, and (2) whether counsel instructed plaintiff that plaintiff need not appear for the deposition, prior to the filing of the motion for protective order. Such supplemental memorandum shall be filed **before 12:00 p.m. on May 31, 2019**. It is so ordered.

Doc. #112 (emphasis in original). Plaintiff filed a response addressing the Court's first inquiry, stating that counsel

> did not attempt to address the issue with defense counsel after the May 9, 2019 Order because 1) Plaintiff's prior efforts to reschedule the deposition date were rejected by Defense counsel (*See* Memorandum of Law supporting Motion for Protective Order and discussions of April communications and Exhibit B); 2) Plaintiff's counsel understood from the Court's May 9 Order that she had to file a Motion for Protective Order in order to address the June 6 deposition date (See May 9 Order); and 3) the Court's May 9 Order was based on incomplete and inaccurate representations from the Defendant in submissions related to written discovery and not plaintiff's deposition.

Doc. #115 at 1. Plaintiff did not respond to the Court's second inquiry regarding counsel's instructions to plaintiff. The Court conducted a hearing on June 3, 2019. At that time, the Court again inquired of plaintiff's counsel what instructions she had provided to her client. Plaintiff's counsel advised the Court, in substance, that counsel had advised plaintiff that the issue of rescheduling would need to be addressed by the Court. Counsel further explained that she advised plaintiff that she, counsel,

would tell plaintiff when she needed to secure plane tickets for the purpose of attending her deposition, and had not yet told plaintiff to do so.

II. **LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "That said, a court may issue a protective

order only after the moving party demonstrates good cause." Joseph L. v. Conn. Dept. of Children & Families, 225 F.R.D. 400, 402 (D. Conn. 2005); see also Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

"To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006) (internal quotation marks and citations omitted). Good cause exists when allowing the discovery sought will result in a "clearly defined and serious injury to the party seeking the protective order." Bernstein v. Mafcote, Inc., 43 F. Supp. 3d 109, 113 (D. Conn. 2014) (internal quotation marks and citations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient for a good cause showing." Id. (internal quotation marks and citations omitted).

Rule 26(c)(1) requires any motion for protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). The Local Rules for the District of Connecticut further require:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has

>   conferred, in person or by telephone, with opposing
>   counsel and discussed the discovery issues between them
>   in detail in a good faith effort to eliminate or reduce
>   the area of controversy, and to arrive at a mutually
>   satisfactory resolution.

D. Conn. L. Civ. R. 37(a) (emphasis added).

### III. DISCUSSION

#### A. Failure to Comply with the Rules of Civil Procedure

Plaintiff's counsel has filed an affidavit along with the motion for protective order asserting: "I provide this Affidavit ... in compliance with the Federal Rules of Civil Procedure and Local Rules for the District of Connecticut. I certify that I have conferred with defendant's counsel in an effort to resolve by agreement the issues raised by this Motion for Protective Order[.]" Doc. #110-4 at 1. It does not appear from the materials presented to the Court, however, that counsel in fact conferred "in person or by telephone" as required by the Local Rules. Furthermore, plaintiff's counsel concedes that she made no effort to address this dispute with defendant's counsel after the exchange of emails in mid-April. See Doc. #115 at 1. Neither the letter of the Local Rule nor the spirit of the Local and Federal Rules has been honored.

Failure to comply with the procedural requirements of Federal Rule 26(c)(1) and Local Rule 37(a) is sufficient grounds to deny a motion for protective order. "A party may seek the assistance of the Court to resolve a discovery dispute only after

[s]he has complied with the provisions of Rule 37(a) of the Local Rules of Civil Procedure for the District of Connecticut." Stiggle v. Arnone, No. 3:13CV00238(JAM), 2014 WL 4230919, at *5 (D. Conn. Aug. 26, 2014). "As the [movant] has not complied with the Local Rules, the motion [for protective order] is DENIED." Rosenbaum v. Farr, No. 3:11CV1994(AVC)(TPS), 2013 WL 6860102, at *1 (D. Conn. Dec. 30, 2013).

Here, counsel chose not to make any meaningful effort to resolve the dispute, and then failed to seek Court intervention in a timely fashion. The import of these choices is informed by the fact that the Court carefully advised all parties on May 9, 2019 -- four weeks before the deposition date -- that the Court expected the deposition to go forward unless a motion for protective order was both filed and granted before the scheduled date. See Doc. #95. This deposition was noticed two months in advance. Plaintiff nonetheless waited until seven days before the deposition date to file an appropriate motion.

Furthermore, it is apparent from plaintiff's own submissions that she made a conscious decision not to attend the duly-noticed deposition before she sought -- much less received -- relief from the Court. See Doc. #110-1 at 9 ("Plaintiff Does Not Have Flights and She Is Unavailable"); id. at 8 ("Plaintiff is not available on June 6, She does not have a flight booked for travel to Connecticut from Wisconsin."). This attempt to, in effect,

~ 9 ~

unilaterally cancel the deposition was improper. See, e.g., Rodriguez v. Pataki, 293 F. Supp. 2d 305, 309 (S.D.N.Y. Sept. 2, 2003), aff'd, 293 F. Supp. 2d 315 (2003) ("[T]he defendants chose to cancel the Burgeson deposition without consulting the Court. ... [T]here was no legitimate basis for that decision[.]"); Alabi-Isama v. Saint Vincent Catholic Med. Centers, No. 1:07CV2107(NGG)(LB), 2009 WL 10706279, at *3 (E.D.N.Y. June 2, 2009) ("Plaintiff refused to appear for deposition because she wanted to get information from the Defendant first, a position that Judge Bloom explained offered no justification."); cf. Hussein v. Pitta, No. 1:88CV2549(TPG), 1991 WL 221033, at *3 (S.D.N.Y. Oct. 11, 1991), aff'd, 962 F.2d 3 (2d Cir. 1992) (Case dismissed due to misconduct of plaintiff including that plaintiff "'cancelled' the deposition. He did this unilaterally without the consent of defendants or the court.").

Plaintiff delayed until only one week before the deposition to seek relief, and did so after deciding, unilaterally, not to attend that deposition. "Given the Court's broad discretion over protective orders, this conduct is also sufficient to deny the motion." Trella v. Wal-Mart Stores, Inc., No. 3:15CV01211(AWT), 2017 WL 5160686, at *3 (D. Conn. Nov. 7, 2017); see also Dove, 963 F.2d at 20 ("[T]he grant or denial of a protective order lies within the sound discretion of the district court.").

**B.   Good Cause**

Plaintiff's motion would be denied on the merits, even if it had been filed timely, and in full compliance with the Federal and Local rules. Plaintiff bears the burden of establishing good cause for issuance of a protective order. See Joseph L., 225 F.R.D. at 402; see also Dove, 963 F.2d at 19.

Plaintiff's arguments in support of her motion fall into three categories: (1) she is not available and has not made travel plans; (2) defendant has not fully complied with the Initial Discovery Protocols, raising the possibility that defendant will attempt to "ambush" plaintiff with some document that should have been disclosed at that point but was not; and (3) defendant has not filed an Answer to the Amended Complaint.

As to the first category, that plaintiff is "unavailable" and has not made plans to appear for her deposition, the Court finds this claim unpersuasive. If plaintiff had a pressing commitment[1] on June 6, 2019, and was unable to persuade defendant

---

[1] The Court notes that plaintiff has asserted in reply, for the first time, that the reason for her "unavailability" is that her husband is unable to care for her children on June 6, 2019. See Doc. #114 at 3. The Court is genuinely confused as to why plaintiff refused to disclose this issue -- which does not implicate any particularly private matters -- earlier, if it is in fact the reason that she is "unavailable." But the fact remains that plaintiff has had two months to make child care arrangements; to explain her dilemma to defense counsel in the hopes that rescheduling the deposition would be possible; or to seek relief from the Court. Plaintiff elected to do none of these things until one week before the deposition. Further, at the June

to reschedule the deposition, she should have sought relief immediately. Instead of doing so, she simply declared that she would not attend. This does not constitute good cause.

As to the second category, the Court is similarly unpersuaded. The only remaining dispute regarding defendant's compliance with the Initial Discovery Protocols essentially boils down to a question of whether proper ESI search terms were used to identify the responsive materials. Defendant has supplied an affidavit indicating that defendant's general counsel believes that the protocols have been satisfied, see Doc. #97, and in her response, plaintiff argues that the specific search terms used to produce the responses should be disclosed, see Doc. #104. The Court has ordered defendant to disclose its search parameters on or before June 24, 2019. See Doc. #120. The Court does not find that the possibility that additional materials might be disclosed after plaintiff is deposed constitutes good cause to cancel the deposition.[2]

---

3, 2019, hearing, plaintiff's counsel asserted that plaintiff was also unavailable because of a conference related to her work.

[2] Plaintiff has asserted, on several occasions: "The Court previously directed that Plaintiff's deposition would not occur until defendant had fully complied with the Initial Discovery Protocols." Doc. #110 at 1. Judge Dooley recently issued an Order stating, inter alia: "[T]he Court did not order or rule that the Plaintiff's deposition would not go forward until the Defendant fully complied with the Initial Discovery Protocols." Doc. #116. Accordingly, the Court does not address this contention.

The cases cited by plaintiff in her memorandum are inapposite. One relates to issuance of third party subpoenas without notice to opposing counsel. See Henry v. Bristol Hosp., Inc., No. 3:13CV00826(AVC), 2015 WL 3466807, at *5 (D. Conn. June 1, 2015). One relates to the use, in depositions, of audio recordings of the witnesses obtained through surveillance efforts "wholly crafted and produced by the party in interest for use against his opponent." Mason v. T.K. Stanley, Inc., 229 F.R.D. 533, 536 (S.D. Miss. 2005). One uses the phrase "deposition by ambush" but provides no explanation or analysis of the nature of the "ambush." Holman v. Westin Hotel Southfield, No. 2:05CV72566(DT), 2006 WL 1738240, at *4 (E.D. Mich. June 22, 2006). One arises under Mississippi state law; involves scheduling of depositions of "six deponents for one day, twice in a three-day period, in cities 700 miles apart, with only eight days' notice, in the last week of a twenty-one month discovery period[;]" and, in any event, has been overruled due to the differences between the relevant federal and state rules of civil procedure. Illinois Cent. R. Co. v. Winters, 815 So. 2d 1168, 1175-76 (Miss. 2002), overruled by Cooper Tire & Rubber Co. v. McGill, 890 So. 2d 859, 867 (Miss. 2004) ("[L]ittle reliance should be placed on Fed. R. Civ. P. 37, or analysis thereof, because it does not contain a provision like our Rule 37(e).").

In sum, none of the cases cited is on point or persuasive in these circumstances.

To the extent plaintiff is concerned that defendant will question her using some document that the Court later determines should have been disclosed in connection with the protocols at her deposition, in a manner constituting an "ambush," counsel will of course be free to argue that plaintiff's responses to any such questions should not be admissible as evidence. Plaintiff's concern related to the possibility that defendant may seek consent or leave of court to depose plaintiff for more than seven hours (the presumptive durational limit under the federal rules), see Doc. #110 at 13, can likewise be addressed if and when such a request is made.

Finally, the Court is not persuaded that plaintiff's deposition should be delayed until defendant files an Answer to the Amended Complaint. The filing of a motion to dismiss is a permissible way to "respond" to a complaint, and, therefore, no answer is currently due.[3] See Fed. R. Civ. P. 12(a)(4)(A) (providing that the filing of a 12(b) motion results in the deadline for a responsive pleading being delayed until 14 days after the motion is resolved); O'Bar v. Borough of Naugatuck, No. 3:01CV867(PCD), 2002 WL 32500866, at *1 (D. Conn. Feb. 26, 2002)

---

[3] Plaintiff filed a motion for entry of default based on defendant's failure to file an Answer; that motion was denied, initially and on reconsideration. See Docs. #70, #73, #89.

("Defendants' filing of the motion to dismiss stays the requirement that they file a responsive pleading until ten days after issuance of a ruling on the motion."). Further, as plaintiff notes in her motion, discovery is not stayed in this case during the pendency of the motion to dismiss. See, e.g., Usov v. Lazar, No. 1:13CV818(RWS), 2013 WL 3199652, at *8 (S.D.N.Y. June 25, 2013) ("While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic." (citation and quotation marks omitted)). It is not clear why plaintiff needs to know whether defendant agrees or disagrees with the factual allegations of the Amended Complaint in order to provide truthful and accurate testimony regarding her claims.

**C. June 3, 2019, Telephonic Hearing**

For the reasons set forth above, the Court finds that it would be inappropriate to grant plaintiff's motion, and, accordingly, **DENIES**, the Motion for Protective Order [Doc. #110]. However, as discussed below, and during the June 3, 2019, telephonic hearing, the Court finds that it is appropriate to order plaintiff's deposition to be rescheduled for **June 13, 2019.**

Plaintiff's motion for protective order was filed just before noon last Thursday, May 30, 2019, and relates to a deposition scheduled to take place at 10:00AM this Thursday, June 6, 2019. Plaintiff currently resides in Wisconsin, and the

deposition is to be conducted in Connecticut. Accordingly, as a practical matter, the Court recognizes that plaintiff would likely need to leave Wisconsin on Wednesday, June 5, 2019, to attend her deposition and would likely need some, not insignificant, advance notice to arrange her travel. Accordingly, the timing of the motion filed by plaintiff's counsel realistically left the Court with less than four business days to solicit and review briefing, and issue an appropriate order in this matter. Plaintiff's alleged conflict with the June 6, 2019, date is not a recent development, meaning this compressed timeframe was wholly avoidable. Following review of the parties' submissions, at 6:53PM on Sunday, June 2, 2019, the Court scheduled a telephonic hearing with counsel for both parties for June 3, 2019, at 10:00AM. See Doc. #117.

At that hearing, the Court solicited further information regarding the plaintiff's unavailability, as well as additional argument from the parties related to the instant motion. In light of Attorney Heena Kapadia's representations that plaintiff had not made travel arrangements based on Attorney Kapadia's instructions, and counsel's further representations that plaintiff is unable to appear on June 6, 2019, the Court inquired as to whether defendant could re-notice the deposition for a date within the next two weeks. Defense counsel represented that,

while burdensome,[4] it would be possible to depose plaintiff on June 13, 2019.

In recognition of the practical impact of scheduling on plaintiff under the time constraints of this case, and the fact that the emergency aspect of motion practice related to the protective order resulted from the conduct of plaintiff's counsel, Attorney Kapadia,[5] rather than plaintiff herself, the Court offered Attorney Kapadia two options. Either plaintiff's deposition could go forward as scheduled on June 6, 2019, or the Court would order defendant to re-notice plaintiff's deposition for June 13, 2019, and require Attorney Kapadia to compensate defendant both for the attorney's fees and costs associated with defending the motion for a protective order on short notice, as well as costs associated with rescheduling plaintiff's deposition. The Court, in its discretion, concludes that these

---

[4] Defendant raised, for the first time in the June 3, 2019, hearing, that the need to depose plaintiff in June is due, in part, to the fact that defendant feels it is necessary for its Provost to attend plaintiff's deposition. The Provost will be moving out of state in the near future. The Provost's last date of employment with defendant is June 13, 2019, and that is the only date between now and then that the Provost could be made available.

[5] Heena Kapadia is listed as lead counsel in this case. Attorney Kapadia represented during the June 3, 2019, telephonic hearing that her co-counsel, Carmen Chapman, works at The Law Offices of Heena Kapadia part-time, and that Attorney Kapadia is personally responsible for "99%" of this case. Attorney Chapman did not participate in the June 3, 2019, telephonic hearing. The Court does not make any order with respect to Attorney Chapman.

options strike the appropriate balance between defendant's right to conduct appropriate discovery, and the burden that would be placed on plaintiff personally if she were required to arrange travel, childcare, and potentially reschedule work obligations[6] unexpectedly and on such short notice.

Plaintiff's counsel maintained that her client could not be made available on June 6, 2019, and elected the second option.[7] At that time, the Court orally ordered defendant to re-notice plaintiff's deposition for June 13, 2019, and advised the parties that a written denial of plaintiff's motion for a protective order would issue shortly.

## IV. <u>CONCLUSION</u>

For the reasons set forth herein, the Motion for Protective Order [Doc. #110] is **DENIED. Plaintiff shall appear for the re-noticed deposition on Thursday, June 13, 2019.[8] On or before June**

---

[6] Plaintiff's counsel represented during the June 3, 2019, telephonic hearing that, in addition to plaintiff's inability to secure child care to accommodate an overnight trip, that a work obligation has also been scheduled for June 6, 2019.

[7] The Court notes that similar issues, and remedies, appear to have been considered by another judge of this district in <u>Beamon v. Yale New Haven Hospital Inc.</u>, No. 3:16CV181(JBA), in which the defendant moved for sanctions and to compel the attendance of a different client of Attorney Kapadia's at his deposition.

[8] Plaintiff is hereby advised that the Federal Rules of Civil Procedure provide: "If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). Other sanctions are also available. <u>See</u> Fed. R. Civ. P. 37(b)(2).

**27, 2019, defendant may file a motion for any fees and costs associated with rescheduling the deposition, including an itemization of such expenses. Plaintiff may file a response on or before July 10, 2019.**

This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

It is so ordered, at New Haven, Connecticut, this 4th day of June, 2019.

>     /s/
> HON. SARAH A. L. MERRIAM
> UNITED STATES MAGISTRATE JUDGE