UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| CHRISTINA OTHON | ) | 3:18-CV-00958 (KAD) |
| --- | --- | --- |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESLEYAN UNIVERSITY | ) | |
| *Defendant*. | ) | JULY 12, 2019 |

**RULING ON OBJECTION (ECF NO. 129)**

Kari A. Dooley, United States District Judge

Pending before the Court is the objection of plaintiff Christina Othon (the "Plaintiff" or "Othon") to an order issued by Magistrate Judge Sarah A.L. Merriam on June 4, 2019 (the "June 4 Order") authorizing defendant Wesleyan University ("Wesleyan") to seek certain costs and fees.[1] (ECF No. 129; *see also* ECF No. 121 at 18–19.) For the following reasons, the Plaintiff's objection is OVERRULED.

The Court presumes the party's familiarity with the facts and circumstances surrounding the on-going and contentious discovery disputes in this matter. One of the many points of contention between the parties was when Othon's deposition should take place. On April 2, 2019, Wesleyan re-noticed Othon's deposition for June 6, 2019 at 10:00 a.m. (ECF No. 113-1 at 3.) Because the pleadings before Magistrate Judge Merriam revealed an ongoing dispute as to whether the deposition would go forward, Magistrate Judge Merriam issued an order on May 9, 2019, in which she noted in relevant part: "Neither a motion to compel, nor a motion for a protective order,

---

[1] It appears that the parties disagree as to whether Magistrate Judge Merriam's award of fees and costs encompassed fees and costs associated with opposing the motion for protective order, rescheduling Othon's deposition, or both. (*See* ECF Nos. 131, 134.) The Court defers to Magistrate Judge Merriam to address this issue in the first instance. For the sake of clarity, however, whether Magistrate Judge Merriam's award encompassed fees and costs associated with opposing the motion for protective order, rescheduling Othon's deposition, or both does not alter the Court's conclusions.

specifically addressed to plaintiff's deposition has been filed or granted in this case. Accordingly, the Court presumes that any duly noticed deposition will go forward in the ordinary course of business." (ECF No. 95.)

On May 30, 2010 — three weeks later and only one week before her duly noticed deposition — the Plaintiff filed a motion for protective order, in which she indicated that her June 6, 2019 deposition could not go forward because, *inter alia*, Othon had not purchased an airline ticket to travel to Connecticut from Wisconsin.[2] (ECF No. 110-1 at ¶ 23.) At the June 3, 2019 hearing on that motion, further inquiry revealed that Othon had not purchased an airline ticket because plaintiff's counsel had advised Othon that she would tell Othon when to make travel arrangements and counsel had not yet told her to do so. (ECF No. 121 at 5–6.) Because of the role plaintiff's counsel played in creating the very difficult situation, Magistrate Judge Merriam offered plaintiff's counsel two options:

> Either plaintiff's deposition could go forward as scheduled on June 6, 2019, or the Court would order defendant to re-notice plaintiff's deposition for June 13, 2019, and require [plaintiff's counsel] to compensate defendant both for the attorney's fees and costs associated with defending the motion for a protective order on short notice, as well as costs associated with rescheduling plaintiff's deposition.

(*Id.* at 17.) Plaintiff's counsel maintained that Othon could not be made available on June 6, 2019 so she chose the second option. (*Id.* at 18.)

On June 4, 2019, Magistrate Judge Merriam issued a lengthy decision in which she outlined in detail why the Plaintiff's motion for protective order was being denied. (*See generally id.* at 8–

---

[2] Upon receiving the motion, Magistrate Judge Merriam ordered supplemental briefing by the Plaintiff on two issues: (1) whether plaintiff's counsel had conferred with defense counsel at any time following the May 9, 2019 order and (2) whether plaintiff's counsel instructed Othon that she need not appear for her deposition prior to the filing of the motion for protective order. (ECF No. 112.) Plaintiff's counsel addressed only the first issue in her supplemental brief. (*See* ECF No. 115.)

18.) She further set a deadline for Wesleyan to file a motion for fees and costs. (*Id.* at 18–19.) It is the order for fees and costs to which the Plaintiff now objects.

A district court may modify or set aside a magistrate judge's ruling on nondispositive matters only if the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72. This standard of review is a "highly deferential" one. *Air France v. Aircraft Serv. Int'l, Inc.*, No. 12-cv-06025 (SLT) (RER), 2014 WL 2718534, at *2 (E.D.N.Y. June 16, 2014). "An order is 'clearly erroneous' only if a reviewing court, considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Field Day, LLC v. Cty. of Suffolk*, No. 04-cv-02202, 2010 WL 5490990, at *2 (E.D.N.Y. Dec. 30, 2010) (internal quotation marks omitted). "[A]n order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal quotation marks omitted).

After thoroughly reviewing the June 4 Order, the Plaintiff's objection to that order, the submissions related to the Plaintiff's motion for protective order and the audio recording from the hearing on that motion, the Court is not persuaded that Magistrate Judge Merriam's order permitting Wesleyan to seek fees and costs was clearly erroneous or contrary to law. Although the Plaintiff briefs in detail why Rule 37 sanctions were not appropriate, it is apparent that Magistrate Judge Merriam imposed fees and costs pursuant to her inherent authority, not Rule 37. Indeed, neither Rule 37 nor the term "sanctions" appears anywhere in Judge Merriam's ruling on the issue of costs and fees.[3]

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful

---

[3] Magistrate Judge Merriam does caution that the failure of the Plaintiff to appear at her deposition on the newly noticed date could result in a finding of contempt as well as the imposition of sanctions pursuant to Rule 37; (ECF No. 121 at n.8); but nowhere is Rule 37 discussed as the basis upon which the fees and costs are to be assessed against plaintiff's counsel.

mandates. These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted; internal quotation marks omitted). "The power of a court over members of its bar is at least as great as its authority over litigants," and "federal courts have inherent power to assess attorney's fees against counsel." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765–66 (1980). "[A] court may assess attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the defendant(,) or when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975) (citations omitted).

In this case, Magistrate Judge Merriam did not impose fees and costs on plaintiff's counsel because the Plaintiff or her counsel violated a court order. She imposed costs and fees because plaintiff's counsel "made a conscious decision not to attend the duly-noticed deposition before she sought — much less received — relief from the Court." (ECF No. 121 at 9.) Magistrate Judge Merriam determined that this decision by plaintiff's counsel was an attempt to, "in effect, unilaterally cancel the deposition." (*Id.* at 9–10.) Magistrate Judge Merriam further determined that plaintiff's counsel "chose not to make any meaningful effort to resolve the dispute [as required by the federal and local rules of civil procedure], and then failed to seek Court intervention in a timely fashion." (*Id.* at 9.)

There is nothing in the Federal Rules of Civil Procedure that permits a party to unilaterally withhold discovery as a self-help remedy. *Sea Trade Mar. Corp. v. Coutsodontis*, No. 09-cv-00488 (LGS) (HBP), 2014 WL 3859114, at *1 (S.D.N.Y. July 30, 2014); *Hammond v. Beth Israel Medical Center*, 10-cv-00093 (NRB), 2011 WL 5980952 at *4 n.2 (S.D.N.Y. Nov. 30, 2011). Plaintiff's counsel knew since April 2019 that defendant's counsel was taking the position that

4

Othon's deposition would go forward on June 6, 2019 as noticed, even though plaintiff's counsel had taken issue with that date. As an experienced litigator, plaintiff's counsel undoubtedly knew that to obtain relief from the deposition notice the appropriate course of action was to file a motion for a protective order. Indeed, Magistrate Judge Merriam told her as much in her May 9, 2019 order. Yet, plaintiff's counsel chose to wait until seven days before her client's deposition to raise the issue,[4] and she did so while knowing that, on her direction, her client had not purchased an airline ticket to attend her deposition. Thus, as a practical matter, plaintiff's counsel ensured that the deposition would not go forward as noticed, regardless of how the Court ruled on her motion for protective order. Magistrate Judge Merriam properly determined that such manipulation of the Court and the discovery process cannot be countenanced by the Court.[5]

Magistrate Judge Merriam's award of fees and costs was not clearly erroneous or contrary to law. Accordingly, the Plaintiff's objection is OVERRULED.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of July 2019.

                                 /s/ Kari A. Dooley
                                 KARI A. DOOLEY
                                 UNITED STATES DISTRICT JUDGE

---

[4] As a result, defendant's counsel was forced to brief the issues and the Court was required to adjudicate the issues on an extremely compressed time frame, which is unfair to both the Court and defendant's counsel. The Court appreciates that last-minute filings are sometimes unavoidable, but, as Magistrate Judge Merriam found, the last-minute filing in this case was "wholly avoidable." (ECF No. 121 at 16.) Plaintiff's counsel knew as of April 2019 that defendant's counsel had taken the firm position that Othon's deposition would go forward on June 6, 2019 as noticed, and defendant's counsel reiterated that position repeatedly in its briefing of other discovery issues, as noted (and quoted) by Magistrate Judge Merriam in her May 9, 2019 order.

[5] The Plaintiff relies heavily upon the reasonableness of her position regarding whether Othon's deposition should proceed on June 6, 2019, *i.e.,* her belief that the undersigned had required certain events to occur prior to the deposition. The Plaintiff's argument in this regard misses the mark. Fees and costs were not assessed because she took an unreasonable position, they were assessed because of the situation she created by her unilateral efforts to forestall her client's deposition, to include the filing of an untimely motion for protective order.