UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINA OTHON, | ) | 3:18-CV-00958 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESLEYAN UNIVERSITY, | ) | |
| *Defendant*. | ) | July 10, 2020 |

ORDER
RE: MOTION TO PRECLUDE (ECF NO. 164)

Kari A. Dooley, United States District Judge

Pending before the Court is defendant Wesleyan University's (the "Defendant") motion to preclude the opinion and testimony of Dr. Susan Basow, the proposed expert witness of the Plaintiff, Christina Othon (the "Plaintiff").

While Dr. Basow has been disclosed along with her expert report, she has not yet been deposed and the expert discovery period has not concluded. The Plaintiff's expert witness disclosure reveals that Dr. Basow will offer opinion testimony regarding, *inter alia*, the existence and impact of gender bias in student teaching evaluations. The Defendant asserts that Dr. Basow's disclosed opinions and report are irrelevant under Rule 702 of the Federal Rules of Evidence ("FRE") for two reasons — first, because the discovery has demonstrated that the student teaching evaluations were not the basis for the denial of tenure, and, second, because the opinions relate only to the now dismissed claims brought pursuant to Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq*. Alternatively, the Defendant seeks preclusion under FRE 403. The Plaintiff counters that Dr. Basow's anticipated testimony goes beyond the impact of the student teaching evaluations and that, in any event, her opinions are directly probative of the remaining claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title

VII") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51 *et seq.* ("CFEPA").

Although there are circumstances under which a motion to preclude the opinion of an expert witness may be properly considered prior to the close of discovery; *see, e.g., New Colt Holding Corp. v. RJG Holdings of Fla., Inc.*, No. 02-cv-00173 (PCD), 2003 WL 23508131, at *1 n.2 (D. Conn. Aug. 11, 2003); this case does not present such a circumstance.  The Amended Complaint is replete with detailed allegations concerning gender bias in the Defendant's Physics Department, the improper use of student teaching evaluations, and the gender bias inherent in the tenure review process.  These allegations are expressly incorporated by reference into the Plaintiff's Title VII and CFEPA claims.  Moreover, the Plaintiff alleges in Count One ("Title VII – Discrimination") and Count Five ("CFEPA – Discrimination") that she "was negatively impacted by Defendant's reliance on the gender biased teaching evaluations." (Compl. at Count One, ¶ 140; *id.* at Count Five, ¶ 139.)  The expert disclosure identifies Dr. Basow's opinion as bearing on these allegations.  Dr. Basow has not been deposed so the basis of her opinions and the precise nature and scope of her opinions have not been further examined.  Accordingly, it would be premature for the Court to determine the issue of whether or to what extent Dr. Basow's anticipated testimony is admissible under either FRE 702 or FRE 403, and the Court offers no opinion on either issue at this juncture.  The Defendant is free to renew its motion prior to trial and after the close of expert discovery.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of July 2020.

                                                 /s/ Kari A. Dooley
                                                 KARI A. DOOLEY
                                                 UNITED STATES DISTRICT JUDGE